IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES C PRUETTE JR.,

    Petitioner,

v.                                      CASE NO. 5:10-cv-277-RS-GRJ

CALHOUN COUNTY BOARD
OF COUNTY COMMISSIONERS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Before the Court is Respondent Calhoun County's Motion to Dismiss (Doc. 6). Petitioner filed an untimely response to the motion to dismiss (Doc. 8). Accordingly, this matter is ripe for review. For the reasons discussed below, it is respectfully **RECOMMENDED** that Respondent Calhoun County's Motion to Dismiss (Doc. 6) be **GRANTED**.

### I.  INTRODUCTION

Plaintiff initiated this cause of action on October 25, 2010, under previous case number MCA 86-2099RV, seeking (1) an order to show cause directing the Calhoun County Board of Commissioners to show cause as to why no action was taken on a 1996 referendum in favor of reinstating at-large elections; and (2) a writ of mandamus directing the Calhoun County Board of Commissioners to comply with the 1996 referendum. (Doc. 1).

Plaintiff has essentially sought to intervene in the previous case (MCA 86-2099RV). In that case, the Calhoun County Board of Commissioners was sued by

Carlton Smith, seeking to establish single member districts to overcome an alleged pattern of discrimination in the election system. A companion suit was brought against the Calhoun County School Board. The parties entered into a consent judgment acknowledging Plaintiff's claims and establishing single member districts in the elections for the County Commissioner and School Board Representatives. No appeal was taken of that matter. This Court retained jurisdiction to enforce the judgment for a period of not less than five years. (Doc. 6). In 1996, following a citizen petition drive, an election was held pursuant to Fla. Stat. § 124.011(10), to determine if the citizens favored a return to at-large elections. The electors of Calhoun County voted in favor of the proposition, but no action was taken by the Board of County Commissioners to enforce the results of the election. (Docs. 1, 6).

Petitioner appears to request that this Court vacate its previous order and direct the Calhoun County Board to revert to at-large elections pursuant to the 1996 referendum.

## II.  DISCUSSION

In order for a party to seek relief from a federal court, it must have standing to pursue its claims. Intervening parties, however, may be permitted to "piggyback" upon the standing of original parties to satisfy the standing requirement. Intervenors, however, "must show independent standing to continue a suit if the original parties on whose behalf intervention was sought settle or otherwise do not remain adverse parties in the litigation." *Dillard v. Chilton County Commission*, 495 F.3d 1324, 1330 (11th Cir. 2007). "Piggyback" standing also requires the existence of an Article III case or controversy at the time intervention is sought. *Id.*

A.  Petitioner lacks independent standing

Subject matter jurisdiction of federal courts is limited by the U.S. Constitution to "cases" and "controversies" U.S. const. Art. III, § 2.  A justiciable controversy "must be definite and concrete, touching the legal relations of parties having adverse legal interests.  It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. of Hartford, Connecticut v. Haworth,* 300 U.S. 227, 240-41 (1937) (citations omitted). "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Plaintiffs invoking federal court jurisdiction must show "(1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision."  *Tanner Adver. Group v. Fayette County,* 451 F.3d 777, 791 (11th Cir. 2006).

"[A] plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and its laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy." *Hein v. Freedom From Religion Found., Inc., 127 S. Ct. 2553, 2563-64 (citing Lujan, 504 U.S. at 573-74).*  The U.S. Supreme Court in *Lance v. Coffman*, 549 U.S. 437 (2007), addressed the issue of standing where voter plaintiffs challenged a court-ordered voting plan.  The Court unanimously held that the plaintiffs did not have

standing because "[t]he only injury plaintiffs allege is that the law. . .has not been followed.  This injury is precisely the kind of undifferentiated, generalized grievance about the conduct of government that we have refused to countenance in the past." *Lance, 549 U.S. at 1198.*

The generalized grievances asserted by Petitioner in this case do not assert a concrete and personalized injury, and accordingly he lacks Article III standing independent of the original parties to this action.

### B.  Petitioner cannot piggyback on the standing of the original parties

If a party seeking to intervene in an action cannot establish independent standing –  as Petitioner has failed to do so in this case --  he may be able to proceed by "piggybacking" upon the standing of the original parties.  *Dillard, 495 F.3d at 1336.* To do so requires an ongoing case or controversy among the original parties when the attempt at intervention was made.  *Id.*  Furthermore, "when the original parties have settled the claims between them and the intervenor wishes to challenge the settlement, we have required the intervenor to have independent standing."  *Id. (citing Cox Cable Commc'ns, Inc. v. United States, 992 F. 2d 1178, 1181 (11th Cir. 1993)* (requiring intervenor to demonstrate standing to appeal entry of permanent injunction settling claims between original parties).

Here, there are no unsettled adverse claims between the original parties.  The settlement by entry of the consent judgment marked the end of the adversarial character of the original controversy between Carlton Smith and the Calhoun County Board of Commissioners.  That decree has remained in effect for approximately 25 years and this Court maintains jurisdiction over that decree for purposes of

enforcement. "Neither the mere existence of a consent decree nor the continuation of the district court's jurisdiction for enforcement purposes is enough to support piggyback standing absent an existing dispute between the original parties for which they seek a judicial resolution." *Id.* At the time Petitioner initiated his claim, there was no ongoing controversy between the original parties, and therefore Petitioner cannot maintain "piggyback" standing.

### III.  CONCLUSION

Petitioner is unable to establish independent standing under *Lance v. Coffman* because he presents only generalized grievances, seeking to force the County Commission to follow a 1996 referendum in contravention of this Court's prior consent decree. Petitioner is unable to establish "piggyback" standing based on an ongoing legal claim because there was no extant dispute between the original parties at the time Petitioner initiated this suit. Because Petitioner lacks standing this Court lacks subject matter jurisdiction over the claim and it should be dismissed.

Accordingly, upon due consideration, it is:

Respectfully **RECOMMENDED** that Respondent Calhoun County's Motion to Dismiss (Doc. 6) should be **GRANTED** and this case should be dismissed.

**IN CHAMBERS** at Gainesville, Florida this 23rd day of August, 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**